United States District Court
Southern District of Texas
**ENTERED**
January 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN HOLLERMAN § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-1543 |
| § | |
| EXCEL EXECUTIVE ENTERPRISES, INC. § | |
| And JEFFREY P. MARTIN, § | |
| § | |
| Defendants. § | |

**ORDER**

Plaintiff Ryan Hollerman filed a motion to reset the initial pretrial and scheduling conference. (Docket Entry No. 9). The motion is granted. The conference is reset to **February 24, 2017, at 10:45 a.m.** The joint discovery/case management plan is due by February 17, 2017.

Only a lawyer may represent a business in federal court. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)). When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default. *Mount Vernon Fire Ins. v. Obodoechina*, Civil No. 08-3258, 2009 WL 424326 (S.D. Tex. Feb. 19, 2009).

Accordingly, this court instructs Excel Executive Enterprises that it may not proceed pro se

in this case and that it must be represented by licensed counsel.  It has until **February 17, 2017** to have licensed counsel enter an appearance on its behalf.  If it fails to do so, default judgment may be entered.

The initial pretrial conference is reset to **February 24, 2017, at 10:45 a.m.**

SIGNED on January 20, 2017, at Houston, Texas.

Lee H. Rosenthal  
Chief United States District Judge